MICHAEL CHAMBERS

*v.*

STATE OF ILLINOIS.

*Opinion filed May 12, 1917.*

DAMAGES—*payment of.* Private property taken or damaged for public use will be paid for by the State.

Rosenthal, Kurz & Houlihan, for Claimant.

P. J. Lucey, Attorney General, for State.

During the year 1914, and for some years prior thereto, claimant owned a lot fronting on West Madison Street, Chicago, Illinois, upon which he had erected five one-story brick buildings.

Adjoining his lot to the west was a tract of land owned by the State, but there was a vacant strip of land about eleven feet in width, belonging to claimant extending from the west wall of claimant's most westerly building to the east line of the land owned by the State.

The State let a contract for the erection of an Armory on its land and the contractor in charge of the work, assuming that the State owned all of the vacant property west of claimant's buildings, made excavation thereon although claimant had informed him that he owned the strip of land, extending eleven feet west from the west wall of his building.

The contractor made excavations on claimant's property within a few feet of the west wall of his building and as a result greatly damaged the same. The walls cracked, the building sagged and fixtures within the building owned by claimant were partially destroyed. A concrete walk running along claimant's building to the west, was practically destroyed by reason of the excavation.

After repeated complaints by the claimant, the contractor placed his building on jacks where it remained for about fifteen months, and as a result, the building was in such shape that the business of claimant was practically destroyed.

One of the claimant's other buildings was also damaged to such extent that the tenant who had been paying a monthly rental of $25.00 per month, was compelled to abandon the premises.

From the record before us there is no question but that the claimant is entitled to recover for the damages he has sustained, and in arriving at the amount we are forced to the conclusion that he suffered damages far in excess of the amount testified to by the contractor who testified on behalf of the State.

While it is somewhat difficult to arrive at an amount that would definitly determine the amount of damages sustained, we are of the opinion that claimant is entitled to recover two thousand five hundred and 00/100 ($2,500.00) dollars.